**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

SUSAN KEITH,

               Plaintiff,

    v.

JOHN F. MCCARTHY, III and CORINNE SLIKER-MONDA,

             Defendants.

</td>
<td>

Civil Action No. 25-02973 (GC) (JBD)

**MEMORANDUM OPINION**

</td>
</tr>
</table>

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court upon Defendants John F. McCarthy, III and Corinne Sliker-Monda's Motion to Dismiss *pro se* Plaintiff Susan Keith's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 9.) Plaintiff opposed, and Defendants replied. (ECF Nos. 14, 15.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Court finds that it lacks subject matter jurisdiction. Plaintiff's Complaint is therefore **DISMISSED** without prejudice.

## I.  BACKGROUND

### A.  Factual Background

      Plaintiff is a certified per diem substitute teacher. (ECF No. 1 ¶ 16.) Plaintiff alleges that in May 2024, while working at Princeton High School, she was "subjected to harassment and disorderly conduct" by two school employees. (*Id.* ¶ 34.) Plaintiff filed criminal complaints against the employees in Princeton Municipal Court. (*Id.* ¶¶ 35-36.)

Defendant John F. McCarthy, III, Princeton Municipal Court Judge, reviewed Plaintiff's complaints and found there was probable cause to charge one of the employees with disorderly conduct and the other with harassment.  (*Id.*)  During a hearing on October 1, 2024, Judge McCarthy "openly acknowledged his connection to Princeton High School as his alma mater and expressed 'fond' memories of his time there and his reluctance to see this type of conduct and litigation involving his former school."  (*Id.* ¶ 37.)  Judge McCarthy ordered mediation, but the parties became ineligible for mediation after Plaintiff filed a separate civil lawsuit.  (*Id.* ¶ 39.)

Plaintiff further alleges that Defendant Corinne Sliker-Monda, Deputy Court Administrator for the Princeton Municipal Court, engaged in "ex parte communication" with Plaintiff in the hallway of the court.  (*Id.* ¶ 40.)  According to Plaintiff, Sliker-Monda suggested that Plaintiff should "consider a change of venue."  (*Id.*)  Plaintiff asserts this remark "indicated [Sliker-Monda's] prior knowledge that Defendant McCarthy was actively seeking ways to dismiss the charges regardless of their legal merit."  (*Id.* ¶ 41.)  When Plaintiff explained to Sliker-Monda that she intended to proceed with her case, "Sliker-Monda affirmatively encouraged Plaintiff to do so." (*Id.* ¶ 43.)

The employees moved to dismiss the charges against them.  (*Id.* ¶ 55.)  In response, Plaintiff "conducted extensive legal research" and "submitted comprehensive documentation to Defendant Sliker-Monda countering the defendants' constitutional arguments."  (*Id.* ¶¶ 45-46.)  However, at a hearing on April 15, 2025, Judge McCarthy "completely silenced Plaintiff, denying her any opportunity to speak while permitting defense counsel full presentation."  (*Id.* ¶ 49.)  Plaintiff further alleges that Judge McCarthy "publicly humiliated Plaintiff on the record by characterizing her legitimate legal filings as '½ inch thick' and too burdensome for Municipal Court proceedings." (*Id.* ¶ 54.)

Although no party raised the defense, Judge McCarthy sua sponte dismissed the charges as de minimis.[1]  (*Id.* ¶ 67.)  According to Plaintiff, Judge McCarthy's "invocation of the de minimis doctrine exploited a specific limitation in New Jersey law," specifically that "while defendants can appeal adverse rulings and prosecutors can appeal de minimis dismissals, private complainants have no standing to appeal de minimis dismissals."  (*Id.* ¶ 70.)  Plaintiff alleges that Sliker-Monda told Plaintiff she could request a $300 transcript, even though "Sliker-Monda knew or should have known that a de minimis dismissal cannot be appealed by a private complainant."  (*Id.* ¶¶ 77-78.)  Based on the above, Plaintiff alleges that "Defendants' coordinated actions created procedural obstacles specifically designed to prevent Plaintiff from obtaining a fair hearing on the merits of her criminal complaints."  (*Id.* ¶ 82.)

### B.    Procedural Background

Plaintiff filed this case on April 22, 2025.  (ECF No. 1.)  Plaintiff brings four claims under 42 U.S.C. § 1983[2] against Defendants in their personal and official capacities: violation of equal protection under the Fourteenth Amendment (Count One); violation of procedural due process under the Fourteenth Amendment (Count Two); denial of access to the courts under the First and Fourteenth Amendments (Count Three); and First Amendment retaliation (Count Four).  (*Id.* ¶¶ 89-

---

[1]    *See* N.J. Stat. Ann. § 2C:2-11.  This statute grants judges "discretion to dismiss certain charges to avoid an absurd application of the penal laws."  *State v. Johnson*, 216 A.3d 986, 992 (N.J. Super. Ct. Law. Div. 2019) (citation omitted); *see also State v. Wells*, 763 A.2d 1279, 1281 (N.J. Super. Ct. Law. Div. 2000) ("The purpose of the de minimis statute is to provide assignment judges with discretion similar to that exercised by the police, prosecutors and grand jurors who constantly make decisions as to whether it is appropriate to prosecute under certain circumstances.").

[2]    The Court has jurisdiction under 28 U.S.C. § 1331.

141.)  Plaintiff seeks declaratory and injunctive relief, along with attorneys' fees and costs under 42 U.S.C. § 1988.  (*Id.* at 41-42.[3])

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds.  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction."  *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999).  In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents . . . attached thereto, in the light most favorable to the plaintiff."  *Gould Elecs. Inc.*, 220 F.3d at 176.  "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists."  *Arosa Solar Energy Sys., Inc. v. Recom Solar, LLC*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts."  *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016).  The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist."  *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the

---

[3]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

## III.  DISCUSSION

### A.  Subject Matter Jurisdiction

Defendants argue, among other things, that Plaintiff's claims must be dismissed because her Complaint does not present an actual case or controversy. (ECF No. 9-3 at 44; ECF No. 15 at 23 ("Plaintiff identifies no concrete, present harm that the Court could remedy through declaratory or injunctive relief.").) More specifically, Defendants argue that Plaintiff's claims are moot because the underlying municipal court proceeding in which Plaintiff was a complaining witness has ended. (ECF No. 9-3 at 44-46.) Although Defendants bring their Motion to Dismiss under Rule 12(b)(6), this argument is properly considered under a Rule 12(b)(1) standard. *See Brill v. Velez*, Civ. No. 13-05643, 2014 WL 2926086, at *2 (D.N.J. June 27, 2014) ("Challenges based on the various justiciability doctrines, including mootness, are properly brought under [Rule] 12(b)(1).").

In any event, the Court agrees with Defendants that this matter must be dismissed because the Court lacks subject matter jurisdiction. Such dismissal may be ordered sua sponte.[4] *See In re*

---

[4] The Third Circuit has explained that "although a District Court may sua sponte consider whether a plaintiff has satisfied the burden of alleging facts that show that the Court has jurisdiction, the Court should give the plaintiff an opportunity to be heard before dismissing a complaint for lack of subject matter jurisdiction." *Trinh v. Fineman*, 784 F. App'x 116, 117 (3d Cir. 2019). Here, Plaintiff correctly recognized that Defendants improperly challenged subject matter jurisdiction under Rule 12(b)(6), and she responded to the arguments raised by Defendants. (*See* ECF No. 14 at 33 ("Mootness is a jurisdictional challenge that should be addressed separately from and prior to a Rule 12(b)(6) motion. However, Plaintiff will address Defendants' procedurally improper argument.").) The Court is therefore satisfied that Plaintiff has had

*Samsung Data Sec. Breach Litig.*, 761 F. Supp. 3d 781, 790 (D.N.J. 2025) (noting that "[w]hen a plaintiff fails to establish Article III standing, the court lacks subject matter jurisdiction" and that "courts may 'dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding'" (quoting *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010))); *Just In Time Chem. Sales & Mktg., Inc. v. Ironshore Specialty Ins. Co.*, Civ. No. 13-7127, 2014 WL 3784264, at *1 (D.N.J. July 31, 2014) (dismissing complaint sua sponte for lack of subject matter jurisdiction where the defendant raised a mootness challenge under Rule 12(b)(6)).

Defendants correctly argue that Plaintiff seeks no monetary damages for the alleged violations of § 1983. In her Complaint, Plaintiff asks this Court to order the following injunctive and declaratory relief:

- "Issue a declaratory judgment that Defendants' actions violated Plaintiff's constitutional rights to equal protection, due process, access to the courts, and freedom from retaliation for protected First Amendment activity";

- "Issue a permanent injunction requiring Defendant McCarthy to recuse himself from any current and future proceedings involving Plaintiff";

- "Issue a permanent injunction requiring Princeton Municipal Court to implement safeguards to prevent the types of procedural manipulation and ex parte communications demonstrated in this case";

- "Issue a permanent injunction requiring Defendant Sliker-Monda to maintain complete and accurate records of all submissions by pro se complainants and to refrain from ex parte communications regarding case strategy";

- "Issue declaratory relief regarding the proper application of New Jersey's de minimis statute (N.J.S.A. 2C:2-11) and its inapplicability to cases involving professional power imbalances and harassment"; and

- "Order Defendants to undergo training on constitutional rights of access to courts, proper ex parte communication boundaries, and ethical obligations to pro se litigants." (ECF No. 1 at 41.)

---

sufficient opportunity to be heard. Moreover, Plaintiff will be granted leave to amend her Complaint.

Defendants contend that Plaintiff's claims are moot because she seeks only injunctive and declaratory relief regarding a municipal court action which has concluded. Plaintiff argues that her claims are not moot because she "continues to suffer ongoing constitutional injuries." (ECF No. 14 at 33.) In particular, Plaintiff claims that Judge "McCarthy remains on the bench with the same biases, creating risk of future encounters," that the Princeton Municipal Court's "policies enabling ex parte communications remain unchanged," and that the "tools of procedural manipulation remain available" to be used against Plaintiff and others similarly situated. (*Id.* at 34.) Plaintiff also argues that the *Ex Parte Young*[5] doctrine should apply to "prevent ongoing constitutional violations by state officials, regardless of whether past proceedings have concluded." (*Id.*)

As an initial matter, Defendants' subject matter jurisdiction argument is more appropriately directed towards Plaintiff's lack of standing than the mootness of Plaintiff's claims. This is the case because the jurisdictional defect in Plaintiff's Complaint existed at the time of its filing.[6] Turning to the issue of standing, Article III of the United States Constitution limits a federal court's jurisdiction to actual cases or controversies. U.S. Const., art. III, § 2, cl. 1. The doctrine of Article III standing is "an additional limitation on the federal judicial power derived from the case-or-controversy requirement," which prohibits courts from issuing "advisory opinions." *Lutter v. JNESO*, 86 F.4th 111, 123-25 (3d Cir. 2023). "The plaintiff, as the party invoking federal

---

[5]    209 U.S. 123 (1908).

[6]    *See Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 834 (3d Cir. 2022) ("[F]or purposes of original jurisdiction, the doctrine of standing addresses events occurring before the filing of a lawsuit, whereas mootness governs those arising after[.]" (citing *Adam v. Barone*, 41 F.4th 230, 233 (3d Cir. 2022))); *see also Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020) (describing the interplay between the "different jurisdictional burdens" of the standing and mootness doctrines).

jurisdiction, bears the burden of establishing" standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted).  To have standing, a plaintiff must "allege: 1) an injury in fact; 2) causation; and 3) redressability." *In re Liquid Aluminum Sulfate Antitrust Litig.*, Civ. No 16-2687, 2017 WL 3131977, at *18 (D.N.J. July 20, 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

A plaintiff must establish standing "'for each claim that [it] press[es] and for each form of relief that [it] seek[s].'"  *Lutter*, 86 F.4th at 124 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)).  To establish standing to pursue prospective injunctive relief, a plaintiff must show "(1) 'that he is under threat of suffering "injury in fact" that is concrete and particularized'; (2) 'the threat must be actual and imminent, not conjectural or hypothetical'; (3) 'it must be fairly traceable to the challenged action of the defendant'; and (4) 'it must be likely that a favorable judicial decision will prevent or redress the injury.'"  *Free Speech Coal., Inc. v. Att'y Gen. U.S.*, 825 F.3d 149, 165-66 (3d Cir. 2016) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  The Court may consider "[p]ast wrongs" as "evidence bearing on whether there is a real and immediate threat of repeated injury," but past wrongs alone cannot establish standing for injunctive relief "if unaccompanied by any continuing, present adverse effects."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citation omitted); *Short v. New Jersey Dep't of Educ.*, Civ. No. 23-21105, 2024 WL 3424729, at *4 (D.N.J. July 16, 2024) ("[B]y itself . . . prior injury is insufficient to confer standing for injunctive relief.").

The Court addresses Plaintiff's claims for injunctive and declaratory relief in turn.

### 1.    *Injunctive Relief*

Plaintiff lacks standing to pursue any of the injunctive relief she seeks because she has not plausibly alleged that she is substantially likely to suffer an injury in the future.  *See Durham v. Kelley*, 82 F.4th 217, 226 (3d Cir. 2023) ("To satisfy the standing and 'case or controversy'

requirements of Article III, a party seeking prospective relief 'must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'") (internal citations omitted); *J.C. v. Ford*, 674 F. App'x 230, 233 (3d Cir. 2016) ("As [the plaintiff] has not alleged that there is any 'real and immediate' threat that he will be injured by the actions which he seeks to have enjoined, he lacks standing to bring his claims for prospective injunctive relief."); *see also C.P. v. New Jersey Dep't of Educ.*, Civ. No. 19-12807, 2020 WL 2611572, at *11 (D.N.J. May 22, 2020) ("Where a plaintiff seeks an injunction, his susceptibility to continuing injury is of particular importance—'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" (quoting 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533.1, at 730 (3d ed. 2008))).

Indeed, the municipal court case in which Plaintiff was the complainant concluded prior to Plaintiff bringing the instant case, so any future harm is purely speculative. Such speculation about a future injury is insufficient to establish standing. *See Brunwasser v. Johns*, 95 F. App'x 409, 411 (3d Cir. 2004) (noting that "fear of a possible future consequence that is merely speculative is not an injury in fact, and thus is not sufficient to confer standing").

Accordingly, the Court holds that Plaintiff does not have standing to pursue the injunctive relief she seeks in her Complaint.

### 2. Declaratory Relief

Plaintiff also lacks standing to pursue the declaratory relief outlined in her Complaint. "To satisfy the standing and 'case or controversy' requirements of Article III, a party seeking a declaratory judgment 'must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Martin v. Keitel*, 205 F. App'x 925, 928 (3d Cir. 2006); *see also CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013) ("The purpose of

a declaratory judgment is to 'declare the rights of litigants.' . . . .  The remedy is thus by definition prospective in nature.").  Both of Plaintiff's claims for declaratory relief fail to meet this standard.

First, Plaintiff seeks a declaration that Defendants violated her constitutional rights.  (ECF No. 1 at 41.)  But this is plainly insufficient for standing purposes.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("[The plaintiff] asks that the District Court 'declare' that his constitutional rights were violated.  Declaratory judgment is inappropriate solely to adjudicate past conduct."); *Rogers v. McKishen*, Civ. No. 13-3771, 2018 WL 3201784, at *13 (D.N.J. June 29, 2018) (noting that plaintiffs "cannot obtain declaratory relief for past alleged wrongs" (quoting *Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014))); *Gale v. Terra*, Civ. No. 24-6422, 2025 WL 662806, at *3 n.5 (E.D. Pa. Feb. 27, 2025) ("Declaratory relief is unavailable to adjudicate past conduct, so [the plaintiff's] request for a declaration that his rights have been violated in the past is improper and is dismissed.").

Second, Plaintiff seeks "declaratory relief regarding the proper application of New Jersey's de minimis statute," and specifically "its inapplicability to cases involving professional power imbalances and harassment."  (ECF No. 1 at 41.)  New Jersey's de minimis statute, N.J. Stat. Ann. § 2C:2-11, grants judges "discretion to dismiss certain charges to avoid an absurd application of the penal laws."  *Johnson*, 216 A.3d at 992 (citation omitted).  Plaintiff challenges this statute because when a judge dismisses a charge as de minimis, only the prosecutor—not a complaining witness (like Plaintiff)—can appeal that decision.  *See State v. Dilorenzo*, 2010 WL 4103551, at *1 (N.J. Super. Ct. App. Div. Oct. 18, 2010) (noting that "only the State has standing to appeal the dismissal of a complaint as de minimis . . . and not the citizen complainant" (citing *State v. Vitiello*, 873 A.2d 591, 593 (N.J. Super. Ct. App. Div. 2005))).  Setting aside the merits of Plaintiff's request for relief, Plaintiff again has not shown that she is likely to suffer a future injury.  Plaintiff contends

that New Jersey's de minimis statute "could be employed again against Plaintiff and other similarly situated individuals," (ECF No. 14 at 34) but this is purely speculative and insufficient for standing. *See Young v. Casten*, Civ. No. 25-14857, 2025 WL 2522593, at *6 (D.N.J. Sept. 2, 2025) (dismissing claims for declaratory relief where the plaintiff's "requests for declaratory relief [were] either grounded in past harm or fail[ed] to show a likelihood of future harm").

Accordingly, the Court holds that Plaintiff lacks standing to pursue the declaratory relief sought in her Complaint.[7]

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice.[8]   An appropriate Order follows.

Dated: November 26, 2025

*Georgette Castner*

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[7]    Because Plaintiff's claims for injunctive and declaratory relief are dismissed, Plaintiff is not entitled to attorneys' fees. *See Tusiano v. Dial Corp.*, Civ. No. 90-2541, 1990 WL 165849, at *3 n.4 (E.D. Pa. Oct. 29, 1990) ("Since I dismiss plaintiff's action under § 1983, plaintiff's fee claim must also be dismissed as he is not entitled to attorney's fees until he has 'prevailed on the merits of at least some of his claims.'") (citation omitted).   And regardless, "[i]t is well settled that a *pro se* plaintiff cannot obtain a fee award for representing him or herself." *Kant v. Seton Hall Univ.*, Civ. No. 00-05204, 2009 WL 2905610, at *3 (D.N.J. Sept. 9, 2009).

[8]    *See Schaller v. United States Soc. Sec. Admin.*, 844 F. App'x 566, 573 (3d Cir. 2021) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal . . . should [be] without prejudice.") (citation omitted) (alterations in original).