**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUSAN KEITH,<br><br>Plaintiff,<br><br>v.<br><br>JOHN F. MCCARTHY, III and CORINNE SLIKER-MONDA,<br><br>Defendants. | Civil Action No. 25-02973 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendants John F. McCarthy, III and Corinne Sliker-Monda's Motion to Dismiss Plaintiff Susan Keith's Amended Complaint (ECF No. 20) pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6). (ECF No. 27.) Plaintiff opposed the Motion, and Defendants replied. (ECF Nos. 28, 33.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motion is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

Plaintiff alleges that in May 2024 she was harassed by two school employees of Princeton High School.[1] (ECF No. 20 ¶¶ 47-48.) Plaintiff filed criminal complaints against the employees

[1] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

in Princeton Municipal Court.[2] (*Id.* ¶ 50.) Defendant John F. McCarthy, III, Princeton Municipal Court Judge, reviewed Plaintiff's complaints and found there was probable cause to charge one of the employees with disorderly conduct and the other with harassment.[3] (*Id.* ¶¶ 27, 51-52.) During a hearing on October 1, 2024, Judge McCarthy "openly acknowledged Princeton High School as his alma mater" and "expressed fond memories . . . and reluctance to see litigation involving his former school." (*Id.* ¶¶ 53-54.)

While the case was pending, on March 25, 2025, Defendant Corinne Sliker-Monda, Deputy Court Administrator at Princeton Municipal Court, suggested that Plaintiff "consider a change of venue," which Plaintiff asserts indicates Sliker-Monda knew of a "predetermined outcome" for the case against the school employees. (*Id.* ¶¶ 28, 57-61.) Nonetheless, Sliker-Monda "encouraged Plaintiff to continue." (*Id.* ¶ 61.) Also on this date, the prosecutor "assured Plaintiff he would not dismiss the charges" pending against the school employees, (*id.* ¶ 101), and "instructed Plaintiff to file additional criminal complaints of harassment" against them, (*id.* ¶ 93). Although Plaintiff filed them, Judge McCarthy did not consider these charges. (*Id.* ¶¶ 94-95.)

On April 15, 2025, Plaintiff saw Judge McCarthy and Sliker-Monda meeting with the prosecutor and reviewing filings Plaintiff had made in the case. (*Id.* ¶ 66-67.) At a hearing on the same day, Plaintiff alleges that she tried to speak about "falsified video surveillance footage" during the hearing, but Judge McCarthy "categorically refused to allow Plaintiff to speak" while "permitting defense counsel full presentation." (*Id.* ¶¶ 71, 89-90.) Judge McCarthy further

---

2 Sliker-Monda has since retired. (ECF No. 27-2; ECF No. 28 at 9.)

3 Pursuant to New Jersey Court Rule 7:2-2(b)(1), charges of disorderly persons offenses made by a private citizen "may be issued only by a judge or, if authorized by the judge, by a municipal court administrator or deputy court administrator."

"disparaged Plaintiff's legal filings on the record by calling them '½ inch thick' and stating they were too burdensome for Municipal Court." (*Id.* ¶ 75.)

Plaintiff asserts that Judge McCarthy and the prosecutor made several errors during the hearing. Plaintiff alleges that Judge McCarthy "misapplied the harassment statute by requiring repeated conduct," and that the prosecutor "failed to object" to this "obvious misapplication." (*Id.* ¶¶ 104-07.) Plaintiff further alleges that the prosecutor "did not submit an opposition brief to the motion to dismiss charges" against one of the employees and did not request a continuance "despite stating he only received the motion only days earlier." (*Id.* ¶¶ 108-09.) Judge McCarthy ultimately dismissed the charges against the employees pursuant to the *de minimis* doctrine, which Judge McCarthy raised *sua sponte*. (*Id.* ¶ 65.) Plaintiff asserts that under New Jersey law, "only prosecutors can appeal de minimis dismissals"—private complainants cannot, and she therefore alleges that "McCarthy's invocation of the de minimis doctrine effectively prevented Plaintiff from seeking appellate review." (*Id.* ¶¶ 86-88.)[4]

[4] The Court notes that Plaintiff makes several factual assertions in filings on the docket and in opposition to Defendants' Motion that are not pled in the Amended Complaint. However, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *see also Lopez v. Andrews*, No. 23-2286, 2024 WL 3770306, at *2 (3d Cir. Aug. 13, 2024) ("[Plaintiff] must clearly plead facts that show standing in his complaint—not his briefs."). And while the Court may look beyond the pleadings to evaluate factual attacks to standing, *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014), here, Plaintiff concedes that Defendants argue a facial challenge to Plaintiff's standing. (ECF No. 28 at 17.) Accordingly, as Plaintiff notes in briefing, (*id.*), the Court "must only consider the allegations of the complaint and documents . . . attached thereto, in the light most favorable to the plaintiff," *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Moreover, Plaintiff has not sought to supplement her pleading pursuant to Rule 15(d). Accordingly, the Court cannot consider these allegations.

**B. Procedural Background**

On April 22, 2025, Plaintiff filed a Complaint against Defendants asserting four claims under 42 U.S.C. § 1983 and seeking injunctive and declaratory relief.[5] (*See generally* ECF No. 1.) Defendants filed a motion to dismiss, which the Court granted on November 26, 2025. (ECF Nos. 9, 18, 19.) *See generally Keith v. McCarthy*, Civ. No. 25-2973, 2025 WL 3296813 (D.N.J. Nov. 26, 2025). The Court dismissed Plaintiff's Complaint in full for lack of subject matter jurisdiction, determining that Plaintiff lacked standing to pursue the requested injunctive and declaratory relief. *Keith*, 2025 WL 3296813, at *5-6. The Court found that because "the municipal court case in which Plaintiff was the complainant concluded prior to Plaintiff bringing the instant case," Plaintiff's assertions of future harm were merely speculative. *Id.* at *5. The Court gave Plaintiff thirty days to file an amended complaint. (ECF No. 19 at 2.)[6]

On December 2, 2025, Plaintiff filed an Amended Complaint asserting the same four claims. (ECF No. 20 at 15-22.) Plaintiff does not seek monetary damages and asks the Court to order the following injunctive and declaratory relief:

- "Issue a declaratory judgment against Defendants in their individual capacities that Defendants' actions violated Plaintiff's constitutional rights to equal protection, due process, access to the courts, and freedom from retaliation for protected First Amendment activity";

- "Issue a permanent injunction against Defendant McCarthy in his official capacity requiring him to recuse himself from any current and future proceedings involving Plaintiff, as Plaintiff will continue to be subject to Princeton Municipal Court's jurisdiction due to her ongoing ties to Princeton, New Jersey as the parent of a Princeton University alumna, through her many friends in the community, and through her ongoing support of Princeton University";

---

[5] The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

[6] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

- "Issue a permanent injunction against Princeton Municipal Court requiring implementation of safeguards to prevent ex parte communications and procedural manipulation, as Plaintiff faces substantial likelihood of future contact with Princeton Municipal Court through traffic violations, municipal ordinances, or other matters during her visits to Princeton, New Jersey";

- "Issue a permanent injunction against Defendant Sliker-Monda in her official capacity requiring her to maintain complete and accurate records of all submissions and to refrain from ex parte communications, as Defendant Sliker-Monda remains as Deputy Court Administrator and Plaintiff will likely appear before Princeton Municipal Court again";

- "Order Defendants in their official capacities to undergo training on constitutional rights of access to courts, proper ex parte communication boundaries, and ethical obligations to litigants to prevent repetition of the constitutional violations alleged herein."

(*Id.* at 23-24.)

On February 4, 2026, Defendants filed the instant Motion to Dismiss. (ECF No. 27.)

## II. <u>LEGAL STANDARD</u>

Rule 12(b)(1) permits a defendant to move to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents . . . attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Recom Solar, LLC*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

## III. DISCUSSION

Defendants argue that the Court should dismiss Plaintiff's Amended Complaint because Plaintiff again lacks standing to seek injunctive and declaratory relief. (ECF No. 27-3 at 15-22.) Defendants further argue that, even if Plaintiff has standing to pursue the requested relief, she fails to state any of her claims. (*Id.* at 22-31.) Because the Court has an obligation to ensure itself of subject matter jurisdiction, the Court will first consider Defendants' arguments regarding standing before considering any arguments regarding the sufficiency of Plaintiffs' claims.

### A. Subject Matter Jurisdiction

Defendants argue that this case should be dismissed for lack of standing because the harm Plaintiff pleads in the Amended Complaint is not concrete or imminent and, rather, is merely "speculative" and "may never occur." (*Id.* at 15-22.) Plaintiff responds that Defendants "ignor[e] the broader theory pled in the Amended Complaint," which is not only that "ongoing exposure to the same municipal court through continuing legal processes" causes harm and supports standing,

but also that the municipal court's "application of the de minimis doctrine functioned to foreclose meaningful appellate review." (ECF No. 28 at 14.)

Plaintiff's Amended Complaint states that Plaintiff "seeks prospective injunctive relief in Defendants' official capacities to prevent future constitutional violations and declaratory relief in Defendants' individual capacities regarding past unconstitutional conduct." (ECF No. 20 at 2.) In essence, Plaintiff seeks the same relief that Plaintiff sought in the original Complaint, although Plaintiff now clarifies that the relief is sought in both Defendants' individual and official capacities.[7] (*Compare* ECF No. 1 at 41, *with* ECF No. 20 at 23-24.) Also, Plaintiff now asserts a "continuing harm" based on Defendants' alleged conduct as well as ways in which Plaintiff is "likely to suffer future harm." (ECF No. 13-14.)

Article III of the United States Constitution limits a federal court's jurisdiction to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. The doctrine of Article III standing is "an additional limitation on the federal judicial power derived from the case-or controversy requirement," which prohibits courts from issuing "advisory opinions." *Lutter v. JNESO*, 86 F.4th 111, 123-24 (3d Cir. 2023). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). To have standing, a plaintiff must "allege: 1) an injury in fact; 2) causation; and 3) redressability." *In re Liquid Aluminum Sulfate Antitrust Litig.*, Civ. No 16-2687, 2017 WL 3131977, at *18 (D.N.J. July 20, 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

---

7 Unlike Plaintiff's original Complaint, Plaintiff's Amended Complaint does not ask the Court to "[i]ssue declaratory relief regarding the proper application of New Jersey's de minimis statute ([N.J. Stat. Ann. §] 2C:2-11) and its inapplicability to cases involving professional power imbalances and harassment." (ECF No. 1 at 41.)

A plaintiff must establish standing "'for each claim that [it] press[es] and for each form of relief that [it] seek[s].'" *Lutter*, 86 F.4th at 124 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)). To establish standing to pursue prospective injunctive relief, a plaintiff must show:

> (1) that he is under threat of suffering "injury in fact" that is concrete and particularized;
>
> (2) the threat must be actual and imminent, not conjectural or hypothetical;
>
> (3) it must be fairly traceable to the challenged action of the defendant; and
>
> (4) it must be likely that a favorable judicial decision will prevent or redress the injury.

*Free Speech Coal., Inc. v. Att'y Gen. U.S.*, 825 F.3d 149, 165-66 (3d Cir. 2016) (citation modified). The Court may consider "[p]ast wrongs" as "evidence bearing on whether there is a real and immediate threat of repeated injury," but past wrongs alone cannot establish standing for injunctive relief "if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citation omitted); *Short v. New Jersey Dep't of Educ.*, Civ. No. 23-21105, 2024 WL 3424729, at *4 (D.N.J. July 16, 2024) ("[B]y itself . . . prior injury is insufficient to confer standing for injunctive relief.").

The Court addresses Plaintiff's claims for injunctive and declaratory relief in turn.

### *1. Injunctive Relief*

Plaintiff seeks a permanent injunction against Judge McCarthy requiring him to recuse himself from any future court proceedings involving Plaintiff,[8] a permanent injunction against

---

[8] Plaintiff also seeks an injunction that Judge McCarthy recuse himself from current municipal court proceedings. (ECF No. 20 at 23-24.) However, Plaintiff's Amended Complaint

Sliker-Monda requiring her to maintain complete and accurate records and to refrain from *ex parte* communications, and an injunction requiring Defendants to undergo training.[9] (ECF No. 20 at 23-24.) Each form of relief is prospective in nature and based on Plaintiff's future interactions with Princeton Municipal Court. And while Plaintiff asserts that her continued presence in and involvement with the community of Princeton for "years to come" means she is "substantially likely to suffer future harm from Defendants" because she is likely to have future contact with Defendants through future interactions with Princeton Municipal Court, (ECF No. 20 ¶¶ 123-134), a "fear of a possible future consequence that is merely speculative is not an injury in fact, and thus is not sufficient to confer standing." *Brunwasser v. Johns*, 95 Fed. App'x 409, 411 (3d Cir. 2004); *see also Durham v. Kelley*, 82 F.4th 217, 226 (3d Cir. 2023) ("To satisfy the standing and 'case or controversy' requirements of Article III, a party seeking prospective relief 'must allege facts from which it appears there is a substantial likelihood that [she] will suffer injury in the future.'")

---

contains no allegations that Plaintiff has a current matter pending before Judge McCarthy. (*See generally* ECF No. 20.)

[9] Sliker-Monda has since retired, so it is likely that Plaintiff's request for an injunction requiring training is moot. *See Richardson v. Bledsoe*, 829 F.3d 273, 290-91 (3d Cir. 2016) (determining that the plaintiff needed to "plead more than a mere 'personal' grievance against [prison officials] in order to avoid the mooting of his claims for injunctive relief" after the named defendants retired or changed jobs); *see also Sarteschi v. Burlein*, 508 F.2d 110, 114 (3d Cir. 1975) ("While a substitution of successors in office is procedurally sound, to obtain injunctive relief against the successor there must be some indication that the successor would otherwise continue the unconstitutional practices alleged in the complaint.").

Plaintiff also asks the Court to "[i]ssue a permanent injunction against Princeton Municipal Court requiring implementation of safeguards to prevent ex parte communications and procedural manipulation, as Plaintiff faces substantial likelihood of future contact with Princeton Municipal Court through traffic violations, municipal ordinances, or other matters during her visits to Princeton, New Jersey." (ECF No. 20 at 23.) Princeton Municipal Court is not a party to this case, so the Court could not grant this relief even if Plaintiff had standing to seek it. *See NovaSeptum AB v. Amesil, Inc.*, Civ. No. 05-5175, 2010 WL 5620906, at *3 (D.N.J. Dec. 29, 2010) ("As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated.").

(internal citations omitted); *J.C. v. Ford*, 674 Fed. App'x 230, 233 (3d Cir. 2016) ("As [the plaintiff] has not alleged that there is any 'real and immediate' threat that he will be injured by the actions which he seeks to have enjoined, he lacks standing to bring his claims for prospective injunctive relief."); *C.P. v. New Jersey Dep't of Educ.*, Civ. No. 19-12807, 2020 WL 2611572, at *11 (D.N.J. May 22, 2020) ("Where a plaintiff seeks an injunction, his susceptibility to continuing injury is of particular importance—'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" (quoting 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533.1, at 730 (3d ed. 2008))). Indeed, "[a]n injunction is unavailable where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *McCoy v. Samsung Elecs. Am., Inc.*, Civ. No. 21-19470, 2024 WL 3717299, at *7 (D.N.J. Aug. 8, 2024) (citation modified). Without any real or immediate threat of future harm alleged in the Amended Complaint, Plaintiff's emphasis on injuries that arose in the past, (*see* ECF No. 28 at 14-15), does not give Plaintiff standing to seek prospective injunctive relief.

Accordingly, the Court holds that Plaintiff does not have standing to pursue the injunctive relief she seeks in her Amended Complaint.

***2. Declaratory Relief***

The Court holds that Plaintiff also lacks standing to pursue the declaratory relief she seeks for substantially the same reasons the Court set forth in its prior opinion. *See Keith*, 2025 WL 3296813, at *5-6. Plaintiff again seeks a declaration that Defendants violated her constitutional rights. (ECF No. 20 at 23.) However, a declaration that one's constitutional rights were previously violated is unavailable to adjudicate past wrongs. *See Corliss v. O'Brien*, 200 Fed. App'x 80, 84 (3d Cir. 2006) ("[The plaintiff] asks that the District Court 'declare' that his constitutional rights were violated. Declaratory judgment is inappropriate solely to adjudicate past conduct."); *Rogers*

*v. McKishen*, Civ. No. 13-3771, 2018 WL 3201784, at *13 (D.N.J. June 29, 2018) (noting that plaintiffs "cannot obtain declaratory relief for past alleged wrongs" (quoting *Capozzi v. Bledsoe*, 560 Fed. App'x 157, 159 (3d Cir. 2014))); *Gale v. Terra*, Civ. No. 24-6422, 2025 WL 662806, at *3 n.5 (E.D. Pa. Feb. 27, 2025) ("Declaratory relief is unavailable to adjudicate past conduct, so [the plaintiff's] request for a declaration that his rights have been violated in the past is improper and is dismissed."). Accordingly, the Court holds that Plaintiff lacks standing to pursue the declaratory relief sought in the Amended Complaint.

Because Plaintiff lacks standing to seek any of the relief sought in her Amended Complaint, the Court lacks subject matter jurisdiction over this matter and must dismiss this action. As such, the Court will not address the merits of Plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 27) is **GRANTED**. An appropriate Order follows.

Dated: September 4, 2026

Georgette Castner

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**